# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

BITUMINOUS FIRE AND MARINE
INSURANCE COMPANY, et al.,

      Plaintiffs,

v.                                      CASE NO. 5:04cv421-RH/WCS

CALVIN'S HEAVY EQUIPMENT, INC.,
et al.,

      Defendants.

_____/

## ORDER COMPELLING PRODUCTION OF
## "RISK NOTIFICATION" MEMORANDUM

The issue in this action is the validity of an endorsement to a liability insurance policy excluding coverage for a specific driver—an employee of the insured company with an unfavorable driving record.

The policy as originally issued took effect on April 8, 1999, and did not include the endorsement. On October 18, 1999, after receiving the employee's record, the insurer issued the endorsement. On October 26, 1999, by letter to the agent who placed the coverage, the insured requested an "exception" that would continue coverage for the employee. The insurer did not respond. The agent's

understanding was that, while the request for further consideration on this issue remained pending, the endorsement was not in effect, and thus the employee remained within the coverage of the policy.  The parties' disagree on whether the agent was an agent of the insurer or the insured.

On January 13, 2000, while driving a vehicle owned by the insured in the course and scope of his employment, the employee allegedly caused a wreck.  In a separate lawsuit in state court, a person injured in the wreck has sued the insured and the employee.  The insurer has undertaken their defense under a reservation of rights and has filed this action for declaratory relief against the insured, the employee, and the person allegedly injured in the wreck.

Both sides agree that an endorsement that, like this one, would effect a substantive change in the policy takes effect if and only if the insured agrees to the change.  The parties have conducted discovery focusing on the issue of whether the insured agreed to this change.  The insurer's motion for summary judgment on this issue was heard at the pretrial conference on September 15, 2005, and denied on the record at that time.

Separately, the insured has moved to compel the insurer to produce for inspection and copying under Federal Rule of Civil Procedure 34 a "Risk Notification" memorandum dated January 28, 2000, to the insurer from an adjuster it hired.  The insurer objects to the requested production on the grounds of the

attorney work-product doctrine.

The insurer testified at its deposition under Federal Rule of Civil Procedure 30(b)(6) that the memorandum was not prepared in anticipation of litigation but simply because of the adjuster's desire to "share information." (Conaughty dep. at 65.) The insurer now asserts, however, that the memorandum *was* prepared in anticipation of litigation, as confirmed (at least to some extent), the insurer says, by the legend "Privileged & Confidential Work Product" prominently displayed on the "Risk Notification" form. The insurer says its deponent simply got it wrong.

Both sides agreed to submission of the memorandum to the court for in camera review. Accordingly, the insurer has submitted the memorandum without providing a copy to the other parties. I have reviewed the memorandum. I conclude that the memorandum must be produced, with a redaction.

The memorandum includes two sections of substance, both very brief. The first is entitled "Occurrence" and addresses, in one sentence, what happened in the wreck. An adjuster's memorandum to the insurer reporting what happened in a wreck may indeed constitute work product. Moreover, what happened in this wreck has nothing to do with the issue in this case. This portion of this memorandum is not relevant to any issue in the case, will not be admissible in evidence, and will not lead to the discovery of admissible evidence. I conclude that this portion of this memorandum need not be produced.

The second section of the memorandum is entitled "Underwriting Issues." By its terms, it plainly was not prepared in anticipation of litigation over coverage. It did not address or even hint at the existence of any dispute over coverage. To the contrary, the memorandum sets forth the adjuster's understanding that there *was* coverage, *without* any dispute.[1] This was, in short, a plain statement by the insurer's agent intended to "share information" with a corporate employee on a matter of interest, not prepared in anticipation of litigation or in any expectation that the issue of coverage would or could ever be litigated. The rub is simply that, as it turns out, the adjuster's understanding was directly contrary to the position the insurer now is taking in this lawsuit.

The memorandum was not prepared by a lawyer or directed to a lawyer. It was, of course, prepared by an *adjuster*, and adjusters sometimes have a special role in the litigation process. But this adjuster apparently was hired to investigate the underlying wreck, not to address any dispute over coverage. In essence, the

---

[1] The memorandum is not *quoted* in this order, and production will be delayed for 15 days, in order to allow the insurer to seek review of this order in the United States Court of Appeals for the Eleventh Circuit. A further delay is not warranted because trial is near. The text's limited disclosure of the tenor of the document is necessary to allow the other parties to respond to any request for review that the insurer might file in the Eleventh Circuit. In any event, the text's limited disclosure of the document's tenor will not compromise the insurer's interests in any respect, even if the Eleventh Circuit blocks the disclosure of the memorandum. Absent disclosure of the memorandum, the other parties will be unable to make any use of the statement in this order regarding the contents of the memorandum.

"Underwriting Issues" portion of this memorandum is no different from any ordinary internal memorandum written by one corporate agent to another commenting on the corporation's business.  Memoranda of that type, even if labeled "confidential" and intended for internal use only, are subject to discovery and indeed are produced during discovery in countless cases every day, as a matter of routine.  And the case at bar may demonstrate a good reason for the discovery rules:  to prevent parties from taking plainly unfounded positions.  This portion of this memorandum must be produced.

By separate order, the insurer and its attorneys will be directed to show cause why they have not violated Federal Rule of Civil Procedure 11 by having filed this litigation and sought summary judgment based on the assertion that the endorsement at issue was in effect at the time of the wreck.  It may well be that the adjuster who wrote the "Risk Notification" memorandum was misinformed and that the insurer was entitled to assert in good faith the positions it has taken.  Neither this order nor the order to show cause should be read as a suggestion that the adjuster was correct.  But the memorandum is sufficient to raise an issue under Rule 11 that properly should be addressed.

For these reasons,

IT IS ORDERED:

The motion of defendant Calvin's Heavy Equipment, Inc. to compel plaintiff

to produce for inspection and copying the "Risk Notification" memorandum of January 28, 2000 (document 44) is GRANTED. Plaintiff shall produce the document by October 7, 2005, unless by that date an order has been entered by the United States Court of Appeals for the Eleventh Circuit vacating this order. Plaintiff may redact from the document as produced the sentence in the section entitled "Occurrence."

      SO ORDERED this 22d day of September, 2005.

                                        <u>s/Robert L. Hinkle</u>
                                        Chief United States District Judge